UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Bryan L. Scanlon

    v.                                                Civil No. 13-cv-96-JL
                                                          Opinion No. 2014 DNH 058

Carolyn Colvin, Acting Commissioner,
Social Security Administration

**ORDER ON APPEAL**

Bryan Scanlon appeals the Social Security Administration's ("SSA") denial of his applications for a period of disability and disability insurance benefits. An administrative law judge at the SSA ("ALJ") ruled that, despite Scanlon's degenerative disc disease and post-surgery knee impairment, he retains the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy, and is therefore not disabled. See 20 C.F.R. § 404.1505(a). The Appeals Council later denied Scanlon's request for review of the ALJ's decision, see id. § 404.967, with the result that the ALJ's decision became the SSA's final decision on Scanlon's applications, see id. § 404.981. Scanlon then appealed the decision to this court, which has jurisdiction under 42 U.S.C. § 405(g) (Social Security).

Scanlon has filed a motion to reverse the decision, see L.R. 9.1(b)(1), arguing, among other things, that the ALJ's RFC

finding is not supported by substantial evidence. The Commissioner of the SSA maintains that the ALJ's RFC finding is supported by the opinion of a state agency medical consultant, and has cross-moved for an order affirming the decision. See L.R. 9.1(d). After careful consideration, the court concludes that although the possibility exists that the ALJ relied on the opinion of the state agency consultant in reaching his decision, whether the ALJ in fact did so is not apparent from the record, and this court cannot assume that he did. As this opinion is the sole ground on which the Commissioner defends the ALJ's decision, the court grants Scanlon's motion to reverse (and denies the Commissioner's motion to affirm) that decision.

In concluding that Scanlon was not disabled, the ALJ found that, through his date last insured, Scanlon retained the RFC "to perform light work as defined in 20 C.F.R. § 404.1567(b) except he was limited to unskilled work." Admin. R. at 7. It is clear, then, that the ALJ believed that Scanlon's impairments imposed some limitations on his ability to physically exert himself. Yet how the ALJ arrived at the conclusion that, with these limitations, Scanlon was capable of performing light work--as opposed to sedentary work, or even, for that matter, medium or heavy work--is not apparent from the ALJ's written decision. While the decision contains a thorough discussion of some of the

medical evidence in the record, it does not appear that any of that evidence indicates or establishes that Scanlon can perform only light work (and the Commissioner does not claim that it does). To the contrary, the only medical opinion regarding Scanlon's ability to perform work-related tasks as of his date last insured that the ALJ discusses in the written decision asserts that Scanlon has the ability to do sedentary work at most. See id. at 671-74. While the ALJ did not credit this opinion for various reasons,[1] it does not follow from his rejection of it that Scanlon, though limited by his impairments, can nevertheless do light work.

In an effort to reinforce the ALJ's finding as to Scanlon's RFC, the Commissioner points to the opinion of John Sadler, MD, the state agency consultant mentioned above. Dr. Sadler opined

---

[1] Scanlon has also argued that the ALJ erred in rejecting this opinion, which is that of his treating physician, Mark Richard, MD. Contrary to Scanlon's argument, though, the ALJ articulated persuasive reasons, grounded in the evidence of record, for his determination that Dr. Richard's opinion was entitled to "little weight due to its lack of consistency with his own treatment notes and its lack of support in the medical record in general." Admin. R. at 24. Because this case must be remanded to the ALJ for other reasons, the court sees little utility in explaining this conclusion in greater detail. Scanlon is more than welcome to try to persuade the ALJ on remand that Dr. Richard's opinion is entitled to more weight. (Similarly, while the court is not convinced by Scanlon's argument that the ALJ should have consulted a medical expert to establish the onset date of Scanlon's disability, since the ALJ did not conclude that he is or ever was disabled, Scanlon is free to renew that argument before the ALJ.)

that, as of Scanlon's date last insured, he was able to lift up to 20 pounds occasionally and up to 10 pounds frequently, could stand and/or walk about 6 hours in an 8-hour workday, could sit about 6 hours in an 8-hour workday, and had an unlimited ability to push and/or pull.  See Admin. R. at 74.  These restrictions are consistent with light work.  See 20 C.F.R. § 404.1567(b).

The problem, as the Commissioner concedes, is that the ALJ did not discuss, quote, or even cite Dr. Sadler's opinion in his written decision.  In the Commissioner's view, though, that omission is irrelevant because the ALJ's reliance on Dr. Sadler's opinion "is evident from the administrative record."  Memo. in Supp. of Mot. to Affirm (document no. 11-1) at 2.  In support of this assertion, the Commissioner notes that:

- the ALJ stated in his written decision that he had "considered opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527 and [Social Security Rulings] 96-2p, 96-5p, 96-6p and 06-3p," Admin. R. at 17, which direct ALJs to consider the opinions of state agency consultants like Dr. Sadler;

- the ALJ briefly discussed Dr. Sadler's opinion with Scanlon's counsel at the outset of the administrative hearing, when counsel noted that the record contained no evidence disclosing Dr. Sadler's area of expertise and objected to the opinion on that basis; and

- there are no other functional assessments in the record that indicate that Scanlon can perform light work.

None of these facts justifies the inference that the Commissioner urges, i.e., that Dr. Sadler's opinion served as the basis for

4

the ALJ's RFC assessment.  The ALJ's reference to the governing regulations and rulings is boilerplate that, in this court's experience, appears with some frequency in ALJs' written decisions, and does not demonstrate that the ALJ actually considered Dr. Sadler's opinion.  The ALJ's brief exchange with Scanlon's counsel about the opinion is similarly insignificant; it demonstrates only the ALJ's passing awareness of Dr. Sadler's opinion, not the ALJ's reliance upon it.[2]  And while it is certainly possible to infer that the ALJ must have relied upon Dr. Sadler's opinion based upon the dearth of other opinions that Scanlon could perform light work in the record, that is not the only plausible explanation; it is equally likely that--as Scanlon charges--the ALJ simply drew his own conclusions from the raw medical data.  That, of course, is strictly verboten.[3]  See, e.g., Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (noting that as lay persons, ALJs are "simply not qualified to interpret

---

[2] Indeed, the most reasonable inference to be drawn from the ALJ's omission of any reference to Dr. Sadler's opinion from his written decision is that the ALJ had sustained Scanlon's objection to the opinion and not considered it.

[3] As Scanlon (to his credit) notes, "an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment" where "the medical evidence shows relatively little physical impairment," Manso-Pizarro v. Sec'y of HHS, 76 F.3d 15, 17 (1st Cir. 1996), but the Commissioner has not argued that this is such a case.

raw medical data in functional terms" and citing cases to that effect).

Contrary to the Commissioner's argument, then, it is hardly "plain on the face of the record" that the ALJ relied upon Dr. Sadler's opinion in assessing Scanlon's RFC, such that remand would "amount to no more than an empty exercise." See Memo. in Supp. of Mot. to Affirm (document no. 11-1) at 3-4 (citing Ward v. Comm'r of Soc. Sec., 211 F.3d 652 (1st Cir. 2000); Shaw v. Sec'y of HHS, 25 F.3d 1037 (1st Cir. 1994) (unpublished)).  In defending the ALJ's decision, the Commissioner does not identify anything else in the record to support the ALJ's finding that Scanlon was capable of performing light work through his date last insured.  Accordingly, Scanlon's motion to reverse the ALJ's decision[4] is GRANTED, the Commissioner's motion to affirm it[5] is DENIED, and the case is remanded to the ALJ.  See 42 U.S.C. § 405(g).  On remand, the ALJ should clearly state the evidentiary basis for his finding as to Scanlon's RFC; if he relies upon Dr. Sadler's opinion, the ALJ should, consistent with 20 C.F.R. § 404.1527, explain the weight he has accorded that

---

[4]Document no. 7.

[5]Document no. 11.

6

opinion and the reasons for that allocation of weight.  The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_/s/ Joe Laplante_
Joseph N. Laplante
United States District Judge

Dated: March 20, 2014

cc: Jeffry A. Schapira, Esq.
    Robert J. Rabuck, Esq.